Owen, J.
The plaintiff in error, Catherine Corry, brought the original action in the court of common pleas of Hamilton county, in 1881, for assignment of dower in lands in which she alleged her husband died seized of a legal estate which the defendant in error, Elizabeth Lamb, claimed to hold. Issue was joined and the cause tried, resulting in a judgment for the defendant.
The plaintiff perfected proceedings for appeal of the cause to the district court, wherein a motion to dismiss the appeal was overruled, to which the defendant excepted. The cause was then heard by that court, a finding of facts, stated, and the cause reserved for final disposition in this court.
The defendant now moves to dismiss the proceeding in error upon the alleged ground that the cause was a special statutory proceeding — was not a civil action — and was not appealable.
The plaintiff in error maintains that, as the action of the district court in refusing to dismiss the appeal is one of the matters for review in this court, the present motion is premature, and should await the consideration of the whole case upon its merits.
1. If the cause was not appealable, the district court acquired no jurisdiction to hear and reserve it, and this court is entirely without jurisdiction to hear it upon its merits. This court may entertain, at any stage of the proceedings, a question involving its own jurisdiction of the controversy before it.
2. Was the cause appealable? Section 5226 Revised Statutes provides that, “ . . . appeal may be taken . . . from a judgment or final order in a civil action rendered by the court of common pleas, and of which it had *392 original jurisdiction, if the right to demand a jury therein did not exist,” etc. The defendant maintains that a proceeding for - assignment of dower is a special statutory proceeding, as distinguished from a civil action — that the dower remedy in the Revised Statutes is not classified with civil actions under the code, as it appears in Part III Remedial, in Title 1 under “ Division VII, Special Proceedings ” (Revised Statutes, p. 1361).
This argument is sufficiently answered by the fact, that actions to recover lands, actions to quiet title to lands, actions of replevin, and actions to collect back or to enjoin the collection of illegal taxes, are also classified with and as “ special proceedings.” Are not these civil actions ?
It was held in Chinn v. Trustees, 32 Ohio St. 236, that: “ The civil action of the code is a substitute for all such judicial proceedings as were previously known either as jaetions at law or suits in equity.” It may be profitable, in the light of this test, to notice the course of legislation concerning dower prior to and since the code.
. By an act relating to dower, passed January 28, 1824 (2 Chase Stat. 1316), it was provided: “ That the widow applying for dower in the lands of her deceased husband may file her petition in chancery . . • . setting forth her right thereto,” etc. JMo special provision was made by this act for the mode of service, etc., thus leaving the petitioner to pursue the mode of proceeding prescribed for suits in equity.
This provision remained in force in the same form until March 9,1866, when it was amended by providing that the widow may “ file her petition . . . as in .civil actions under the code, . . . upon which petition a summons shall issue and be served in like manner as in civil actions under the code, with the same time for answer and reply,” etc. (S. & S. Stat. 310.) The defendant maintains that the language used in this provision, “ as in civil actions under the code,” implies that a proceeding for dower was intended to be distinguished from civil ■ actions; and cites Chinn v. Trustees, supra, 238, where similar language concerning *393 mandamus proceedings was said, by Scott, J., to imply that mandamus is not comprehended within the civil action of the code. It should be borne in mind, in considering this language, that mandamus had not been known, at the adoption of the code, as either an action at law or suit in equity, and hence could not bear the test prescribed by the same judge in the opinion cited.
Whether it was the intention of the legislature, by this amendment, to change the status which dower proceedings had maintained for thirty years prior, and nearly fifteen years subsequent, to the adoption of the code, we need not inquire, for this amended provision was repealed by the new revision of our statutes (75 Ohio L. 797), which provides (section 5708) that “ a widow may file her petition for dower,” etc., with no express provision for service or subsequent pleadings. The defendant relies upon section 604 of the code (S. & C. 1131), which provided that: “Until the legislature shall otherwise provide, this code shall not affect proceedings . . . under statutes relating to dower . . . but such proceedings may be prosecuted under the code, wherever it is applicable.” This provision is to be construed with the first succeeding section (605), which provided that “ . . . where the statute gives an action, but does not designate the kind of action, or prescribe the mode of proceeding therein, such action shall be held to be the civil action of this code, and proceeded in accordingly.” These provisions, however, were repealed by the revision (75 Ohio L. 794 and 820), and are chiefly of value for the light they cast upon the nature of the dower proceeding under the former code of civil procedure.
The provisions relating to dower, under which the original proceeding was commenced (section 5707,-ci seq., Revised Statues), do not “ designate the kind of action, or prescribe the mode of proceeding therein;” and, independently of the general effect which the last revision of our statutes may have had upon proceedings which had theretofore been regarded as special statutory proceedings, it seems clear *394 that a proceeding for the assignment of dower is one in the nature of a civil action.
Section 4956 Revised Statutes provides, that “where, in part three of this revision (embracing dower proceedings), special provision is made as to service, pleadings, competency of witnesses, or in any other respect inconsistent with the general provisions in this title, the special provision shall govern, unless it appear that the provisions are cumulative.”
The logical inference from this provision is that, as the provisions relating to dower are silent upon the mode of proceeding, pleadings, etc., the general remedial provisions of the Revised Statutes relating to proceedure in courts having jurisdiction of dower proceedings are to control the form of service, pleadings, etc., in such proceedings.
These remedial provisions unmistakably impart to such a proceeding the character of a civil action, with the incidental right of appeal.

Motion overruled.